**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**IN RE RESTASIS (CYCLOSPORINE OPTHALMIC EMULSION) ANTITRUST LITIGATION,**

-------------------------------------------------------------------x      **CASE MANAGEMENT**
                                                                          **ORDER NO. 1**
**THIS DOCUMENT APPLIES TO:**

**ALL CASES**                                                             **18-MD-2819 (NG) (LB)**
-------------------------------------------------------------------x

**GERSHON, United States District Judge:**

This Order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to the Conditional Transfer Orders entered on January 31, 2018 and February 2, 2018, as well as any tag-along-actions thereafter transferred to this court and any other actions, whether originally filed in this court or transferred or removed to this court, that are deemed to be related pursuant to Rule 50.3.1 of this court's Rules for the Division of Business Among District Judges.

**I.    FILINGS**

a. All counsel appearing in this matter shall register for electronic case filing in this court (ECF) and all papers of any nature filed in this matter shall be filed electronically.[1] Information about ECF, including information about whom to contact concerning registration and filing procedures, may be obtained on the court's website by clicking on the button entitled CM/ECF.

---

[1] I note that on February 5, 2018, pursuant to a telephone conversation with my deputy, my chambers received an email from Dan Drachler, Esq., counsel for plaintiffs in 17-cv-6684 and 16-cv-6755, which email I will file on ECF so that all parties in subsequently-filed cases are aware of it.

1

b. All papers filed in this matter shall bear the caption set forth above. If the papers apply to all cases, they should so state as in the caption above. If they apply only to an individual case or cases, the docket numbers of the cases to which they apply are to be set forth in the space provided in the caption.

c. All papers filed in this matter shall be filed in the Master Docket bearing docket number 18 MD 2819. If the papers apply to all cases they are to be "spread" to "all."[2] If the papers apply only to an individual case or cases, they are to be "spread" only to the docket numbers for the individual case or cases to which they apply.

d. Papers may be filed as confidential or ex parte only with prior leave of court. The parties are directed to ensure that they understand and comply with the ECF filing procedures applicable in this court for restricting access to confidential and ex parte materials. They may address any questions in this regard to August Marziliano (718.613.2332).

e. Courtesy copies of all filings greater than 20 pages in length are to be submitted to chambers and clearly marked as courtesy copies.

**II.   APPEARANCES PRO HAC VICE**

Counsel who appeared in a transferor district court *prior* to the transfer, if not members of the bar of this court, need not file motions for admission pro hac vice as long they are members in good standing of the Bar of any district court of the United States. Counsel who appear for the first time in an action *after* it has been transferred to this court and who are not members of the bar of

---

[2] The words "spread" and "all" refer to terms that appear in a prompt that appears during the ECF filing process.

this court must file motions to be admitted pro hac vice in accordance with Local Civil Rule 1.3(c). The pro hac vice motion shall be filed on the master docket, 18 MD 2819, and the filing shall be spread to any related individual case in which the represented party is named. After a motion for admission pro hac vice is granted, counsel will be required to file a notice of appearance on the master docket and on any related individual case. No party is required to obtain local counsel.

### III.  LIAISON COUNSEL, LEAD COUNSEL, AND STEERING COMMITTEE

Plaintiffs' counsel are directed to confer and propose one or more liaison counsel by February 26, 2018. If counsel cannot agree, they must file letters setting forth their positions by February 26, 2018. Even if there is an agreement as to proposed liaison counsel, the liaison counsel(s) should identify the bases for their appointment and provide curriculum vitae, which identify any prior experience with multi-district litigation or other complex litigation.

Counsel should also confer and advise the court by February 26, 2018, as to the scope of the responsibilities and authority that liaison counsel are expected to have. Counsel should further advise the court as to whether they believe lead counsel or a steering committee will be necessary.

### IV.  PLEADINGS

Counsel are directed to consider and advise the court by one week before the initial case management conference as to whether it is feasible to file a consolidated complaint, or complaints.

Defendant's obligation to answer or move with respect to the individual complaints is stayed pending the initial case management conference.

### V.  DISCOVERY

Discovery is stayed pending the initial case management conference, except to the extent that the parties are directed to confer about the anticipated scope and timing of discovery. They

should advise the court of their agreements and/or disagreements one week before the initial case management conference.

### VI. ROLE OF THE MAGISTRATE JUDGE

The Magistrate Judge assigned to all of these actions is Judge Lois Bloom. However, at this time, all issues relating to discovery and other pretrial matters should be addressed to the undersigned.

### VII. ANTICIPATED MOTIONS

The parties are directed to advise the court as to the nature and timing of any anticipated motions no later than one week prior to the initial case management conference. The parties are directed to follow my individual rules of practice regarding motion practice as published on the court's website. (https://img.nyed.uscourts.gov/rules/NG-MLR.pdf).

### VIII. INITIAL CASE MANAGEMENT CONFERENCE

The initial case management conference will be held on March 21, 2018 at 2:00 p.m. in Courtroom 6D south. The parties should be prepared to address all of the above issues. Furthermore, no later than one week prior to the conference, the parties are directed to provide a proposed agenda identifying any other issues they intend to raise at the conference. No party is required to attend the conference if it believes that another party in attendance will adequately represent its position.

### IX. CONCLUSION

Counsel should confer and submit a proposal for liaison counsel by **February 26, 2018**, as well as advise the court whether they believe lead counsel or a steering committee will be necessary. By **March 14, 2018**, the parties should confer and advise the court as to: (1) the feasibility of filing a consolidated complaint or complaints; (2) the scope and timing of anticipated

4

discovery; (3) the nature and timing of anticipated motions; and (4) any additional agenda items they anticipate raising at the **March 21, 2018** conference. Responses to the complaints and discovery are stayed pending the conference.

                                                    **SO ORDERED.**

Dated:  February 12, 2018                                   /s/ Nina Gershon, USDJ
             Brooklyn, New York                              _____

                                                                      **NINA GERSHON**
                                                                        **United States District Judge**