# UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE RESTASIS (CYCLOSPORINE OPHTHALMIC EMULSION) ANTITRUST LITIGATION | 18-MD-2819 (NG) (LB) |
| THIS DOCUMENT APPLIES TO:<br><br>*FWK Holdings, LLC v. Allergan, Inc.,* 18-cv-00677 (E.D.N.Y.);<br><br>*Rochester Drug Co-Operative, Inc. v. Allergan, Inc.,* 18-cv-00970 (E.D.N.Y.);<br><br>*Ahold USA, Inc. v. Allergan, Inc*., No. 18-cv-00973 (E.D.N.Y.); and<br><br>*KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc., v. Allergan, Inc*., No. 18-cv-00974 (E.D.N.Y.). | |

**ORDER CONSOLIDATING THE DIRECT PURCHASER CLASS ACTIONS; APPOINTING LIAISON/LEAD COUNSEL AND AN EXECUTIVE COMMITTEE; AND APPOINTING INTERIM CLASS COUNSEL PURSUANT TO 23(G)(3)**

**WHEREAS,** in late 2017 and early 2018, the direct purchasers filed multiple class action complaints against Allergan, Inc., all alleging violations of antitrust law. The direct purchaser class actions allege violations of Sections 1 and 2 of the Sherman Act. These class lawsuits allege similar antitrust violations stemming from Allergan's unlawful scheme to monopolize the market for its branded drug Restasis (cyclosporine ophthalmic emulsion). The direct purchasers allege that Allergan's scheme includes: (1) intentionally defrauding the Patent and Trademark Office ("PTO") to obtain invalid and unenforceable patents; (2) improperly listing those patents in the Food and Drug Administration's Orange Book; (3) wrongfully bringing patent infringement actions to enforce those patents; (4) filing baseless citizens petitions with the FDA to further delay its generic competitors; and (5) conspiring with the St. Regis Mohawk Tribe of New York to use the Tribe's cloak of sovereign immunity to try to deprive the PTO and courts of jurisdiction to review the patents' validity. These class actions are:

- *FWK Holdings, LLC v. Allergan, Inc.,* 18-cv-00677 (E.D.N.Y.);
- *Rochester Drug Co-Operative, Inc. v. Allergan, Inc.,* 18-cv-00970 (E.D. N. Y.);
- *Ahold USA, Inc. v. Allergan, Inc.,* No. 18-cv-00973 (E.D. N. Y.)*; and*
- *KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc., v. Allergan, Inc.,* No. 18-cv-00974 (E.D. N. Y.).

**WHEREAS**, on February 6, 2018, the Judicial Panel for Multidistrict Litigation transferred the actions pending outside the Eastern District of New York to this district for coordinated or consolidated pretrial proceedings before United States District Court Judge Nina Gershon.

**WHEREAS**, all direct purchaser class plaintiffs now request entry of an order consolidating the direct purchaser class actions, appointing liaison/lead counsel and a plaintiffs'

executive committee, and appointing counsel as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).

**WHEREAS,** on February 26, 2018, counsel for direct purchasers filed its recommendation in response to this Court's Case Management Order No. 1.

**WHEREAS,** on March 22, 2018, the Court held a status conference and shared its views on direct purchaser counsel's motion and requested certain revisions.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

**A.**    **Consolidation and Coordination for Pretrial Purposes**

1. Fed. R. of Civ. P. 42(a) states that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

2. All actions involve allegations, by a proposed class of direct purchasers, that stem from Allergan's unlawful scheme to illegally extend its monopoly on Restasis and/or allocate the market for cyclosporine ophthalmic emulsion.

3. All direct purchaser class actions are consolidated for pretrial purposes.

4. The direct purchaser class actions and the end payer class actions will not themselves be consolidated. Discovery, and pre-trial proceedings, in the two separately consolidated actions will be coordinated to the extent reasonably practicable.

5. On February 12, 2018, this Court issued Case Management Order No. 1 that specified the Master Docket No. as 18-MD-2819 and outlined guidance for electronic filing. (ECF No. 6). Below are additional rules for filing documents in this consolidated matter.

6. All filings relating to the direct purchaser class actions shall bear the caption above, note that they are related to "All Direct Purchaser Class Actions," and be filed in the Master Docket, No. 18-MD-2819 and also spread across all direct purchaser class dockets.

7. Any new filings in, or transferred to, this Court that purport to be brought on behalf of a class of direct purchasers of Restasis shall be deemed consolidated unless an objection is filed within 14 days and the objection is sustained.

8. Any *non-class* direct purchaser actions shall be coordinated with, but not consolidated with, the direct purchaser class actions. The Court may issue additional orders regarding coordination if non-class cases are filed in or transferred to this Court.

9. All firms representing direct purchaser class plaintiffs in this action are self-funding this litigation. Any change in this status must be communicated to lead/liaison counsel, who will so inform the court.

**B.   Lead/Liaison Counsel for Consolidated Direct Purchaser Class Actions**

10. Pursuant to Fed. R. Civ. P. 23 (g), the Court appoints the following as interim lead/liaison class counsel for the proposed direct purchaser class:

> Thomas M. Sobol
> Kristen A. Johnson
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142
> (617) 482-3700
> tom@hbsslaw.com
> kristenj@hbsslaw.com

11. Lead/liaison counsel shall have authority over the following matters on behalf of the proposed direct purchaser class and all named plaintiffs in the consolidated direct purchaser class actions: (a) communication with defense counsel; (b) communication with the Court on behalf of the direct purchaser class plaintiffs; (c) convening meetings of counsel; (d) initiation, response, scheduling, briefing and argument of all motions; (e) the scope, order and conduct of all discovery proceedings; (f) such work assignments to other counsel as they may deem appropriate; (g) the retention of experts; (h) designation of which attorneys may argue on behalf of the class or

participate at hearings and conferences with the Court; (i) the timing and substance of any settlement negotiations with the defendant (or potential defendants); (j) all financial expenditures; and (k) other matters concerning the prosecution or resolution of their respective cases.

12. Lead/liaison counsel is qualified to serve this position based on Hagens Berman Sobol Shapiro's extensive experience with and expertise in pharmaceutical antitrust class actions on behalf of direct purchaser class plaintiffs.

13. Pursuant to Fed. R. Civ. P. 23 (g), the Court appoints the following as the direct purchaser plaintiffs' executive committee for the proposed direct purchaser class:

>David F. Sorensen
>BERGER & MONTAGUE, P.C.
>1622 Locust Street
>Philadelphia, PA 19103
>(215) 875-5705
>
>Peter Kohn
>FARUQI & FARUQI, LLP
>101 Greenwood Ave # 600
>Jenkintown, PA 19046
>(215) 277-5770
>
>Robert N. Kaplan
>KAPLAN FOX & KILSHEIMER, LLP
>850 Third Avenue
>14th Floor
>New York, NY 10022
>(212) 687-1980
>
>Dianne M. Nast
>NASTLAW LLC
>1101 Market Street
>Suite 2801
>Philadelphia, PA 19107
>(215) 923-9300
>
>Linda P. Nussbaum
>NUSSBAUM LAW GROUP, P.C.
>1211 Avenue of the Americas
>40th Floor

      New York, NY 10036
      (917) 438-9102

      John D. Radice
      RADICE LAW FIRM, P.C.
      34 Sunset Blvd
      Long Beach, NJ 08008
      (646) 245-8502

      Michael L. Roberts
      ROBERTS LAW FIRM, P.A.
      20 Rahling Circle
      Little Rock, Arkansas 72223
      (501) 821-5575

      Barry Taus
      TAUS, CEBULASH & LANDAU, LLP
      80 Maiden Lane
      Suite 1204
      New York, NY 10038
      (212) 931-0704

      Joseph M. Vanek
      VANEK, VICKERS & MASINI P.C.
      55 W. Monroe
      Suite 3500, Chicago, Illinois 60603
      (312) 224-1502

      14.     All members of the direct purchaser class plaintiffs' executive committee are appointed as interim class counsel pursuant to 23(g)(1) and 23(g)(3).

      15.     The plaintiffs' executive committee shall, from time to time, provide advice and input to liaison/lead counsel regarding: (a) initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) work assignments to other counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may argue or participate at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with the defendant (or potential defendants); (g) all

financial expenditures; and (h) other matters concerning the prosecution or resolution of their respective cases.

16. Only lead/liaison counsel may initiate or file documents with the Court including any motions in the consolidated direct purchaser class actions.

17. Only the plaintiffs' executive committee and lead/liaison counsel have the authority to communicate with the defendant's counsel on behalf of plaintiffs in the direct purchaser class actions. Only lead/liaison counsel may make agreements with Defendant's counsel, but lead/liaison counsel may delegate responsibility on certain discrete topics on a limited basis to members of the plaintiffs' executive committee (*i.e.* resolution of defined discovery dispute). All such agreements shall be binding on all counsel in the direct purchaser class actions.

18. The plaintiffs' executive committee shall reasonably coordinate activities in the direct purchaser class action to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery.

19. The plaintiffs' executive committee shall coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition.

20. If an unresolvable conflict arises between lead/liaison counsel and 2/3 of the executive committee related to the responsibilities or actions described in this order, lead/liaison counsel shall bring the issue to the Court's attention via a letter not to exceed 3 pages. Lead/liaison decisions will be binding on the executive committee unless and until this Order is amended by the Court.

21. All plaintiffs' counsel in the direct purchaser class actions must keep contemporaneous time records and submit monthly records of itemized time and expenses to the plaintiffs' executive committee via the Hagens Berman Sobol Shapiro Time and Expense Collection Portal, with time for the previous month due on the 12th of each month.

**SO ORDERED.**

Dated: April 4, 2018
       Brooklyn, New York

    /s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

8