

| | Patrick W. Pendley | Jessica A. Reynolds | **Of Counsel:** |
|---|---|---|---|
| | Stanley P. Baudin | Evan P. Fontenot | David M. Hundley * |
| | Christopher L. Coffin *† | Shannon A. Shelton | * Admitted only in Illinois |
| | * Also admitted in Georgia | Anna K. Higgins | Tracy L. Turner * |
| | † Registered nurse | Andrea L. Barient | * Admitted only in Ohio |
| | Pamela P. Baudin | | |

December 28, 2020

**<u>Via ECF</u>**
The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

> **RE:** ***In Re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation.*,**
> **Case No. 18-MD-2819-NG-LB**
> ***MSP Recovery Claims, Series LLC, et al. v. Allergan, Inc.*,**
> **Case No. 19-CV-26249**

Dear Judge Gershon:

Plaintiffs MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery, II, LLC, Series PMPI (collectively "Plaintiffs") oppose Defendant's request for leave to file a motion to dismiss.

Plaintiffs are assignees of recovery rights originally held by Medicare Advantage Plans that provide Medicare benefits to their numerous beneficiaries who reside throughout the United States. As third-party payors of pharmaceutical claims for their beneficiaries, Plaintiffs' assignors are end-payors of Restasis and were thereby injured as a result of Allergan's unlawful behavior. The Medicare Advantage Plans irrevocably assigned to Plaintiffs the right to recover the cost of Restasis payments made on behalf of the assignors' beneficiaries for which Defendant is liable. Plaintiffs' Complaint seeks injunctive relief and damages for purchases and reimbursements of Restasis by Plaintiffs' assignors since May 17, 2014.

Defendants' December 21, 2020 correspondence to Your Honor seeks leave to file a motion to dismiss three of Plaintiffs' state law claims. In summary, Defendant contends that indirect purchasers are barred from pursuing claims under the Connecticut Unfair Trade Practices Act and Puerto Rico Antitrust Act, and that Plaintiffs do not constitute "consumers" as contemplated by the Michigan Consumer Protection Act. Plaintiffs address each of Defendant's contentions separately.

<u>Connecticut Unfair Trade Practices Act Claims</u>

Defendant's argument challenging Plaintiffs' right to assert claims under the Connecticut Unfair Trade Practices Act ("CUTPA") is based on the court's dismissal of unjust enrichment claims brought under Connecticut law in *In re Niaspan Antitrust Litigation*, 42 F. Supp. 735 (E.D. Pa.

**Plaquemine**
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765

**T** (225) 687.6396
**F** (225) 687.6398
pbclawfirm.com

**New Orleans**
2505 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

**T** (504) 355.0086
**F** (504) 355.0089
pbclawfirm.com



Patrick W. Pendley
Stanley P. Baudin
Christopher L. Coffin *†
* Also admitted in Georgia
† Registered nurse
Pamela P. Baudin

Jessica A. Reynolds
Evan P. Fontenot
Shannon A. Shelton
Anna K. Higgins
Andrea L. Barient

Of Counsel:
David M. Hundley *
* Admitted only in Illinois
Tracy L. Turner *
* Admitted only in Ohio

2014). The court in *In re Niaspan* determined that indirect purchasers are barred from pursuing CUTPA claims based on the court's misreading of the Supreme Court of Connecticut's ruling in *Vacco v. Microsoft Corp. See In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 764 (E.D. Pa. 2014) (citing *Vacco v. Microsoft Corp.,* 260 Conn. 59, 793 A.2d 1048, 1067 (2002)). Rather than unequivocally barring indirect purchaser claims, *Vacco* clearly provides that an indirect purchasers' right to pursue a CUTPA claim is a factual determination guided by "a three part policy analysis" which the court then articulated and applied to the specific facts of the *Vacco* case. *Vacco*, 793 A.2d at 1066. The issues cited by the court in *Vacco* are not present in the instant matter, specifically: (1) Plaintiffs' Complaint alleges facts clearly establishing that Plaintiffs' injuries were a direct result of Defendant's conduct; (2) measuring and quantifying Plaintiffs' damages is not an impossible, or even remotely difficult, task; and lastly, (3) Plaintiffs' injuries are not too remote in relation to Defendant's conduct. *Id.* at 1066-1067. Because indirect purchasers are not unequivocally barred from asserting CUTPA claims and Plaintiffs' injuries are not too remote and indirect with respect to Defendants' anticompetitive conduct, Plaintiffs have standing to pursue CUTPA claims in this case.

Puerto Rico Antitrust Act Claims

The Puerto Rico Antitrust Act ("PRAA"), 10 L.P.R.A. §§ 257, *et seq.*, does not expressly prohibit suit by indirect purchasers, and the United States District Court for the District of Puerto Rico, guided by the Supreme Court of Puerto Rico's analysis in *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 D.P.R. 497, 520 (P.R. 1994), has correctly interpreted the standing requirements of the PRAA. *See Rivera-Muniz v. Horizon Lines Inc.*, 737 F. Supp. 2d 57, 61 (D.P.R. 2010) ("[b]ecause Puerto Rico liberally construes its standing requirements in private antitrust cases, it is immaterial whether Plaintiffs are direct or indirect purchasers."); *see also Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc*, 15 Civ. 6549 (CM), 2018 WL 7197233, at *23 (S.D.N.Y. Dec. 26, 2018) (denying motion to dismiss Puerto Rico antitrust claim). While district courts outside of Puerto Rico have dismissed PRAA indirect purchaser claims for lack of standing, the Supreme Court of Puerto Rico and United States District Court for the District of Puerto Rico have interpreted the PRAA to allow indirect purchasers claims.

Michigan Consumer Protection Act Claims

Defendant also seemingly argues that claims under the Michigan Consumer Protection Act ("MCPA") may only be asserted by consumers and not business or commercial entities. However, the statute expressly allows commercial entities to recover under the MCPA by way of authorizing any "person" who suffers loss to recover. Mich. Comp. Laws § 445.911(2). A "person" includes "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or other legal entity." Mich. Comp. Laws § 445.902I. "[H]ad the legislature intended to allow only individuals to sue under the MCPA, it could have easily used the term 'individual' to limit the potential plaintiffs . . ." *Wigs for Kids, Inc. v. Wigs 4 Kids of Michigan, Inc.*, No. 17-11471, 2017 WL 6539271, *9 (E.D. Mich. Dec. 21, 2017) (quoting *Action Auto Glass v. Auto Glass Specialists*,

**Plaquemine**
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765

**T** (225) 687.6396
**F** (225) 687.6398
pbclawfirm.com

**New Orleans**
2505 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

**T** (504) 355.0086
**F** (504) 355.0089
pbclawfirm.com



Patrick W. Pendley
Stanley P. Baudin
Christopher L. Coffin *†
* Also admitted in Georgia
† Registered nurse
Pamela P. Baudin

Jessica A. Reynolds
Evan P. Fontenot
Shannon A. Shelton
Anna K. Higgins
Andrea L. Barient

Of Counsel:
David M. Hundley *
* Admitted only in Illinois
Tracy L. Turner *
* Admitted only in Ohio

134 F. Supp. 2d 897, 901 (W.D. Mich. 2001)). Plaintiffs' assignors clearly fall within the definition of "person", and Plaintiffs therefore have standing to assert claims under the MCPA.

Defendant relies on the *Slobin v. Henry Ford Health Care* case to support its argument that Plaintiffs' assignors purchased Restasis primarily for business purposes and therefore are not permitted to assert a claim under the MCPA. (ECF No. 580 at 3). Defendant's reliance on *Slobin* is misplaced. The underlying transaction at issue in *Slobin* involved a fee incurred by a law firm in response to its request for copies of its client's medical records from a treating medical facility. *Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 633 (Mich. 2003). The court in *Slobin* specifically held that "a claim for damages based upon a law firm's request for the medical records of a client it is representing in litigation cannot be sustained under the MCPA … because obtaining medical records for the purpose of litigation is not 'primarily for personal, family, or household use, as required by the act.'"*Id.* at 635. Clearly, the nature of the transactions underlying Plaintiffs' allegations in this case are distinguishable from the transactions at issue in *Slobin*, and Defendant's suggestion to the contrary outright ignores Plaintiffs' allegations that their assignors purchased Restasis for their beneficiaries, who clearly used it for a personal purpose. (ECF No. 1 at ¶¶ 15, 19, 214(h), 218).

The relevant jurisprudence supports Plaintiffs' standing to assert claims pursuant to the Connecticut Unfair Trade Practices Act, Puerto Rico Antitrust Act, and the Michigan Consumer Protection Act. Thus, Defendant's request for leave to file a motion to dismiss Plaintiffs' claims asserted pursuant to these statutes should be denied.

Respectfully submitted,

/s/ Tracy L. Turner
Tracy L. Turner
PENDLEY, BAUDIN & COFFIN, LLP
*Counsel for Plaintiffs MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery, II, LLC, Series PMPI*

**Plaquemine**
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765

**T** (225) 687.6396
**F** (225) 687.6398
pbclawfirm.com

**New Orleans**
2505 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

**T** (504) 355.0086
**F** (504) 355.0089
pbclawfirm.com