UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
IN RE RESTASIS (CYCLOSPORINE OPHTHALMIC
EMULSION) ANTITRUST LITIGATION


THIS DOCUMENT APPLIES TO:
ALL END-PAYOR PLAINTIFF CLASS CASES,

JUDGMENT
18-MD-2819 (NG) (LB)

-------------------------------------------------------- X

An Opinion and Order of Honorable Nina Gerson, United States District Judge, having been

filed on August 2, 2022, granting Plaintiffs' final approval motion; granting their motion for

reimbursement of counsel's expenses and award of attorneys' fees and service awards to the extent

that I approve the following payments for distribution from the settlement fund: (1) reimbursement

of class counsel's expenses in the amount of $4,635,684; (2) an attorneys' fee award of $10,000,000;

and (3) service awards of $18,000 to each of the named class representatives, for a total of $198,000;

it is

ORDERED and ADJUDGED that Plaintiffs' final approval motion is granted; that their

motion for reimbursement of counsel's expenses and award of attorneys' fees and service awards is

also granted to the extent that I approve the following payments for distribution from the settlement

fund: (1) reimbursement of class counsel's expenses in the amount of $4,635,684; (2) an attorneys'

fee award of $10,000,000; and (3) service awards of $18,000 to each of the named class

representatives, for a total of $198,000; that Class Counsel shall submit to the court, upon

completion of claims processing, a request for the authorization of a final, additional payment to

A.B. Data for work done to finalize the processing of claims and the distribution of settlement

proceeds to class members; that the total fees paid to A.B. Data shall be capped at $750,000; and that

except as provided for above, no costs or attorneys' fees are recoverable or sought under 15 U.S.C. § 15(a).

Attorneys' fees, service awards, and reimbursement of litigation costs and expenses shall be paid upon the occurrence of the Effective Date.

The settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

Class Counsel and A.B. Data are authorized to administer and distribute the net proceeds of the settlement according to the terms of the Settlement Agreement, the Plan of Allocation, and this Opinion and Order. Class Counsel shall file a motion for distribution of settlement funds and for payment of A.B. Data's fees once the claims administration process has been completed.

All the End-Payor Plaintiffs' and End-Payor Class Members' claims against Allergan in the Action are dismissed with prejudice and without costs, except as provided for in § F of the Settlement Agreement.

The Court retains exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement. Releasors' Released Claims with respect to Releasees are hereby released, such releases being effective as of the Effective Date.

Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Releasees.

With respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any res judicata, collateral estoppel, or offensive collateral estoppel effect.

There being no just reason for delay, the Court directs that this Opinion and Order and judgment be final and appealable. The Court finds that no order under Fed. R. Civ. P. 54(b) is necessary, but that, if such an order were necessary, the requirements of Rule 54(b) are satisfied.

Dated: Brooklyn, NY                          Brenna B. Mahoney
       August 4, 2022                    Clerk of Court

                                     By:      /s/*Jalitza Poveda*
                                            Deputy Clerk